THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[27] ALEX JOSUE RAMÍREZ-CORDERO,<br><br>Defendant. | Crim. No. 16-00454 (ADC) |

**OPINION AND ORDER**

Defendant Alex Josué Ramírez-Cordero moves to dismiss the indictment against him on the grounds that his federal prosecution violates his constitutional right against double jeopardy. **ECF No. 1427**. The government filed a response in opposition. **ECF No. 1437**. For the following reasons, defendant's motion is **DENIED**.

On February 13, 2017, defendant pleaded guilty to a conspiracy to possess with intent to distribute cocaine within a protected location. **ECF No. 466**. The Court sentenced him to 54 months of imprisonment, taking into consideration the 16 months he had already served in state cases ISCR2015-01170, ISCR2015-01614, and ISCR2016-00291. **ECF No. 785**. A few weeks later, the Court amended the sentence "to reflect that the federal sentence will run concurrently with the state sentences."[1] **ECF No. 895**.

---

[1] Defendant's sentence already reflects the alternative relief he requests in his motion to dismiss: that his sentence run concurrently with his 2016 Puerto Rico sentence. **ECF No. 1427** at 4.

Case 3:16-cr-00454-ADC   Document 1454   Filed 08/30/21   Page 2 of 4

Crim. No. 16-00454-27 (ADC) Page 2

Defendant contends that at least one of his state cases involves the same conduct or transactions at issue in the present case. Given this overlap, he contends double jeopardy attaches to his federal case, requiring its dismissal. The government opposes, challenging defendant's motion as untimely and without merit. **ECF No. 1437**.

The Court agrees with the government. A motion to dismiss must, in the very least, be made while the case is pending, though most categories of objections must be raised pretrial. *See generally* Fed. R. Crim. P. 12. However, "[i]n addressing a post-judgment motion, a court is not bound by the label that the movant fastens to it. If circumstances warrant, the court may disregard the movant's taxonomy and reclassify the motion as its substance suggests." *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994).

The government suggests the Court "could conceivably" view defendant's motion to dismiss as a 28 U.S.C. § 2255 petition to vacate, set aside, or correct the sentence. **ECF No. 1437** at 2-3. The Court agrees treatment of defendant's motion as a section 2255 petition is more appropriate. *See* 28 U.S.C. § 2255(a). But, the government also argues that a section 2255 petition is time barred: the one-year statute of limitation since defendant's conviction became final has long since elapsed. *See id*. § 2255(f). This is also true. Last, the government observes that defendant procedurally defaulted on his double jeopardy claim by failing to raise it in a direct appeal. **ECF No. 1437** at 3. *See Bousley v. U.S.*, 523 U.S. 614, 621 (1998). The Court again agrees. Moreover, even if defendant's motion could be considered procedurally appropriate in some manner, his arguments fail on the merits.

Case 3:16-cr-00454-ADC   Document 1454   Filed 08/30/21   Page 3 of 4

Crim. No. 16-00454-27 (ADC)                                                                    Page 3

"The Double Jeopardy Clause of the Fifth Amendment prohibits more than one prosecution for the 'same offence.'"[2] *Puerto Rico v. Sánchez Valle*, 136 S.Ct. 1863, 1867 (2016). The question before the Court is whether the conduct defendant pleaded guilty to in state court is distinct from the conduct defendant pleaded guilty to in the case at bar. "So long as the record supplies a rational basis for concluding that two counts to which a defendant has pleaded guilty are predicated on different conduct, then the defendant has, by pleading guilty twice, 'concede[d] that he has committed two separate crimes.'" *U.S. v. Pérez*, 967 F.3d 53, 55 (1st Cir. 2020) (quoting *U.S. v. Broce*, 488 U.S. 563, 570 (1989)) (additional citation and internal quotation marks omitted). "[A] defendant who brings a double jeopardy challenge to a second prosecution in which he pleaded guilty based on a prior one in which he did the same is limited to the facts contained in the indictments and the existing record." *Id.* at 55–56.

The Pre-Sentence Investigation Report (PSR) describes several Commonwealth of Puerto Rico criminal prosecutions in which defendant pleaded guilty. Defendant does not identify which state case he believes implicates double jeopardy beyond indicating he was sentenced to five years imprisonment in the relevant case on January 26, 2016. From the PSR, it appears defendant is referring to ISCR-2015-01170; 2015-01171; and/or 2015-01172 for which he was sentenced concurrently to 5 years imprisonment for each count of possession of controlled

---

[2] As defendant points out, the dual sovereignty doctrine of the double jeopardy clause—permitting successive prosecutions for a single act that violates the laws of separate sovereigns—does not end the discussion. The Commonwealth of Puerto Rico and the federal government are considered the same sovereign for double jeopardy purposes. *Puerto Rico v. Sánchez Valle*, 136 S.Ct. 1863, 1876-77 (2016).

Case 3:16-cr-00454-ADC   Document 1454   Filed 08/30/21   Page 4 of 4

Crim. No. 16-00454-27 (ADC)                                                                    Page 4

substances, specifically, marijuana, cocaine, and cocaine base (crack cocaine). **ECF No. 739** at 13-14. The convictions are for conduct that occurred on June 12, 2015, in Mayagüez, Puerto Rico.

Here, defendant's conviction is for his involvement as a seller in a drug trafficking conspiracy spanning from 2010 through the date of the July 19, 2016 indictment. **ECF Nos. 3**, **454** at 1-2, 10. Defendant specifically pleaded guilty to knowingly and intentionally possessing with intent to distribute crack cocaine, cocaine, marijuana, Percocet, and Xanax within one thousand feet of a public housing project in Mayagüez. **ECF No. 454**. Though the conspiracy occurred in the same municipality, involved some of the same controlled substances, and included the date of the drug transaction punished in the state cases, his federal charge (a conspiracy) is a distinct offense from the state prosecutions for substantive offenses. Here, we are addressing years of conduct in furtherance of an illegal objective shared with 39 co-defendants. The drugs defendant possessed on June 12, 2015 in the state case were likely drugs he possessed in furtherance of the conspiracy, a presumption the parties agreed to for sentencing purposes. As such, the state offense was stipulated to constitute relevant conduct to the federal offense. *See* **ECF No. 454** at 5. However, possession on one date is hardly the akin to as conspiring to engage in years of drug trafficking. *See Pérez*, 967 F.3d at 56-57.

Defendant's motion to dismiss the indictment at **ECF No. 1427** is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of August 2021.

                                                       **S/AIDA M. DELGADO-COLÓN**
                                                       **United States District Judge**